IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

RECEIVED

2008 MAR 31  A 8: 40

2008 APR -1  A 9: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LYNDA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | 2:08-CV-238-MEF |
| | ) | |
| BFI WASTE SERVICES, LLC, d/b/a ALLIED | ) | |
| WASTE SERVICES OF MONTGOMERY, | ) | |
| | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress unlawful discrimination on the basis of sex and age against the plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"), and by the "Age Discrimination in Employment Act," 29 U.S.C. Section 621 et seq (hereinafter "ADEA"). Specifically, plaintiff alleges that Defendant discriminated against her based on her gender and/or age in the terms and conditions of her employment and by terminating her employment in violation of Title VII and the ADEA. The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

### II. JURISDICTION AND VENUE

2.    The unlawful employment practices alleged hereinbelow were committed by the defendant within Montgomery County, Alabama. Plaintiff is a resident of Montgomery County,

Alabama. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 28 U.S.C.

§§ 2201 and 2202, and 42 U.S.C. §2000e-5. Venue is proper in this Court pursuant to 28 U.S.C. §

1391(b) and 42 U.S.C. § 2000e-5(g).

      3.     The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

**III.**    **PARTIES**

      4.     The plaintiff, Lynda Turner (hereinafter "Turner" or "plaintiff"), is a female citizen

of the United States, and a resident of the State of Alabama, and at the time of the actions which are

the basis of this suit was fifty-eight (58) years of age. Plaintiff was a former employee of the

defendant.

      5.     The defendant, BFI Waste Serices, LLC, d/b/a Allied Waste Services of Montgomery

(hereinafter "Alllied" or "defendant"), was the plaintiff's employer during the time period pertinent

to this lawsuit. The defendant practiced its business and employed the plaintiff at one of its facilities

located in Montgomery, Alabama, in the Middle District of Alabama. At all times pertinent to this

action the defendant employed more than fifteen (15) people and is thus an "employer" for Title VII

purposes. At all times pertinent to this action the defendant employed at least twenty (20) persons

and is an "employer", and was plaintiff's employer, and an entity subject to suit under the ADEA,

29 U.S.C. Section 621, et seq.

**IV.**    **ADMINISTRATIVE PREREQUISITES**

      6.     The plaintiff has satisfied all administrative prerequisites for filing suit under Title

VII and the ADEA.

      7.     Plaintiff timely filed her charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") setting forth claims of age and sex discrimination against the

defendant within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed

this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC

## V.    STATEMENT OF FACTS AND CLAIMS

8.    Plaintiff began working for Browning-Ferris Industries, Inc., on February 1, 1985, as

a Division Controller and remained employed with them until they were bought by Allied in 1999.

9.    The Plaintiff remained employed with Allied in the same position and approximately

a year was promoted to Assistant District Controller in Birmingham, Alabama, and then another year

later was promoted to District Controller in Birmingham, Alabama.

10.    In 2004, the Plaintiff requested to be relocated to Montgomery, Alabama, as the

Division Controller where she remained in that position until her unlawful termination on December

8, 2006.

11.    On December 8, 2006, Kathleen Parker (District HR) and Tom Wells (District

Controller) called the Plaintiff into the General Manager's office and Parker informed her that they

were taking the responsibility of two (2) of the Plaintiff's eight (8) locations to the Pensacola

Division; that the remaining six (6) locations were being sent to the Mobile Division; and that the

Plaintiff's position was being eliminated.

12.    Parker informed the Plaintiff that her job was being eliminated, that it was solely a

business decision and that it had nothing to do with the Plaintiff's performance.

13.    The Plaintiff replied that she had been with the company for 22 years and asked if

they could find her any position available since she was only three years away from retirement.

14.    Parker informed the Plaintiff that they had looked for available positions for her and

had not found anything for the Plaintiff and that there was nothing available.

3

15.    The Plaintiff's last day of employment was December 8, 2006.

16.    However, there was a position that could have been offered to the Plaintiff but was instead given to a male employee. A Controller position was created for the landfills and transfer stations, six of which were the Plaintiff's former divisions. The created position was filled by a male, Bob McMillan, and he performed the same responsibilities as the Plaintiff.

17.    The Defendant also found alternate positions in September 2006 in the Pensacola Division for two younger male employees: Scott Stabler, a Safety Representative who had only been with the company for five (5) months, and Mark Britton, a Sales Manager, who had only been with the company for five (5) months.

18.    Both Stabler and Britton were younger than the Plaintiff.

19.    No such efforts to find an alternate position for the Plaintiff were made.

20.    In contrast, the Plaintiff had a post graduate degree with over twenty-two (22) years of experience with the company, but was the only manager not offered a position.

21.    During the Plaintiff's years of experience with the company, she has witnessed that during reorganizations the company will find or create positions for male management members so they can remain employed. This was done for male employees such as Bob Doyle, Rick Pitman, John Kastens, and John Badke.

22.    No such efforts to find an alternate position for the Plaintiff were made.

23.    Upon information and belief, at the time of the "realignment," in addition to creating the Division Accounting Manager position, the Defendant also created the Sales Manager position in Pensacola which was given to Mr. Britton; a customer service position at the Greenville, Alabama, location; an Operations Clerk position at the Montgomery location; and another position at the

4

Montgomery office.

24.     The Plaintiff was not offered any of these positions.

25.     After the Plaintiff's termination, her job duties were given to two, younger male employees with less company experience or seniority than the Plaintiff: Loyal Hartman, a Division Controller of the Mobile Division; and Daryl Oliver, a Division Controller of Pensacola Division.

26.     Loyal had approximately two (2) years experience with the company and is younger than the Plaintiff.

27.     Daryl had less years of experience with the company than the Plaintiff and is younger than the Plaintiff

28.     The Plaintiff has more years of experience, seniority and educational training than either of these younger males and was more qualified to perform the job duties at issue, as she had already been performing them with no known performance issues.

29.     Plaintiff was discriminated against and her employment terminated based at least in part on her gender, female, and/or in part on her age in violation of Title VII and the ADEA.

30.     The unlawful conduct of the defendant as described above was done with malice and/or reckless disregard of and/or deliberate indifference to the plaintiff's federally protected rights.

31.     The defendant's conduct as described above caused the plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

**COUNT I - DISCRIMINATION IN VIOLATION OF TITLE VII**

32.     The plaintiff re-alleges and incorporates by reference paragraphs 1-31 above with the same force and effect as if fully set out in specific detail hereinbelow.

33.     The defendant unlawfully discriminated against the plaintiff on the basis of her

5

gender, female, with respect to her position, wages, termination, and other terms, conditions and benefits of her employment, as set out above.

34.   Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

35.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

36.   Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II- DISCRIMINATION IN VIOLATION OF THE A.D.E.A.

37.   The plaintiff realleges and incorporates by reference paragraphs 1-36 below with the same force and effect as if fully set out in specific detail hereinbelow.

38.   The defendant unlawfully discriminated against the plaintiff on the basis of her age with respect to her position, wages, termination, and other terms, conditions and benefits of her employment, as set out above.

39.   Said discrimination was done maliciously, willfully, and with reckless disregard for the federally protected rights of the plaintiff.

40.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is her only means of securing adequate relief.

41.   Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

VI.     **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII and the ADEA.

2.      Grant the plaintiff an order requiring the defendant to make her whole by awarding her instatement into the position she would have occupied in the absence of the discrimination by the defendant based on the plaintiff's gender and/or age with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), compensatory damages for emotional distress, and/or nominal damages.

3.      The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

                                        Respectfully submitted,

                                        Lynda Turner
                                        Plaintiff Pro Se

Lynda Turner
7154 Wyngrove Drive
Montgomery, AL 36117
(334) 244-1099

7

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.

Lynda Turner
Plaintiff Pro Se

8

# ATTACHMENT

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMIS    N

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Lynda Turner
c/o Temple D. Trueblood
Wiggins, Childs, Quinn & Pantazis
Three Hundred One-Nineteenth St. North
Birmingham, AL 35203

From: Birmingham District Office
Ridge Park Place
1130 22nd Street South
Suite 2000
Birmingham, AL 35205

*On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2007-02298 | Serena Curry, Investigator | (205) 212-2072 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[   ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[   ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*   Jan 4 2008

Delner Franklin-Thomas, District Director   *(Date Mailed)*

Enclosure(s)

BFI Waste Services, LLC, d/b/a Allied Waste Services of Montgomery
% Owen T. Hill
Jackson Lewis, LLP
245 Peachtree Center Avenue, NE
Atlanta, GA 30303-1226

CORRECTED

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004488
Cashier ID: brobinso
Transaction Date: 04/01/2008
Payer Name: LYNDA TURNER
-----------------------------------
CIVIL FILING FEE
 For: LYNDA TURNER
  Case/Party: D-ALM-2-08-CV-000238-001
  Amount:        $350.00
-----------------------------------
CASH
 Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

LYNDA TURNER V. BFI WASTE SERVICES,
LLC